*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0062p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MARWAN A. HASAN,

                *Petitioner,*

    *v.*

JOHN ASHCROFT, Attorney General,

                *Respondent.*

No. 03-3851

---

On Appeal from the Board of Immigration Appeals.
No. A77 820 548.

Argued: August 5, 2004

Decided and Filed: February 9, 2005

Before: BATCHELDER and DAUGHTREY, Circuit Judges; DOWD, District Judge.[*]

---

## COUNSEL

**ARGUED:** Ivan Yacub, Falls Church, Virginia, for Petitioner. Norah Ascoli Schwarz, U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION, Washington, D.C., for Respondent. **ON BRIEF:** Ivan Yacub, Falls Church, Virginia, for Petitioner. Linda S. Wendtland, Rena I. Curtis, U.S. DEPARTMENT OF JUSTICE, OFFICE OF LITIGATION, Washington, D.C., for Respondent.

---

## OPINION

---

    ALICE M. BATCHELDER, Circuit Judge. Petitioner Marwan A. Hasan ("Hasan") appeals the order of the Board of Immigration Appeals ("BIA") affirming, without opinion, the order of the Immigration Judge ("IJ") denying Hasan's petition for asylum, withholding of removal, and protection under the Convention Against Torture. As we explain below, we lack jurisdiction over Hasan's challenge to the IJ's credibility determination and the denial of withholding of removal and protection under the Convention Against Torture; as to those issues, we will dismiss the appeal. Because we find the remaining issue—Hasan's challenge to the denial of asylum—to be without merit, we will affirm the orders of the IJ and the BIA on that issue.

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1

## Factual and Procedural Background

Hasan, a native and citizen of Iraq, entered the United States in March 1999 as a temporary worker with specialty occupation, and he was authorized to remain in the United States only until June 23, 1999. Hasan admits that he remained beyond that date without authorization. On August 28, 1999, Hasan petitioned for asylum on the basis of his political opinions and his religion, asserting that he is a member of the Shi'a sect of the Muslim religion and a member of the "Iraqi National Accord," an underground political organization opposed to the regime of Saddam Hussein. He claimed that he has previously been detained and tortured for his political activities, and would be subjected to torture and executed if he were returned to Iraq. The Immigration and Naturalization Service ("INS") subsequently served Hasan with a Notice to Appear and initiated removal proceedings pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). On January 19, 2000, an initial hearing was held before the IJ, in which Hasan admitted the factual allegations contained in the notice of removal and conceded deportability.

Removal proceedings were held on May 11, 2000, at which Hasan and his father testified, and the IJ admitted into evidence the affidavit of Hasan's mother and other documentary evidence. At the close of the hearing, the IJ found that Hasan himself was not credible, that he had failed to present credible, corroborative evidence of past persecution or a well-founded fear of future persecution, and that he offered in support of his claims only vague assertions and implausible testimony. The IJ concluded: "The respondent lacks credibility. As the respondent has offered primarily his word as his evidence, his word is not credible. And his asylum claim fails for lack of proof." Because Hasan's testimony and evidence were not sufficient to establish eligibility for asylum, the IJ necessarily concluded that Hasan could not satisfy the more stringent burden of proof for withholding of deportation,[1] and that he was not entitled to the additional relief that he sought, namely, protection under the Convention Against Torture. The IJ also held that Hasan did not qualify for voluntary departure because he had not been in the United States for the requisite amount of time. The IJ therefore denied all relief sought by Hasan and ordered him removed.

Hasan petitioned for review in the Board of Immigration Appeals ("BIA"), stating in the petition that he had presented credible evidence of persecution and that the INS had failed to overcome the presumption that he would again face persecution if he returned to Iraq. In his brief before the BIA, Hasan argued that he had proved by clear and convincing evidence that he is a refugee within the meaning of the applicable law, and that the IJ had misapplied the law in denying his application for asylum. Neither his petition for review nor his brief before the BIA challenged the IJ's explicit finding that Hasan was not credible. In fact, the brief makes the wholly false statement that "[i]n the present case the Immigration Judge held that Respondent's testimony was credible." Neither his petition nor his brief challenged the IJ's holdings that Hasan was not entitled to withholding of deportation and protection under the Convention Against Torture.

In an order dated January 31, 2003, the BIA affirmed, without opinion, the IJ's decision, making the IJ's order of removal the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4)(ii). Hasan now appeals to this court contending that the IJ erred (1) in determining that his testimony was not credible, and (2) in holding that he failed to satisfy his burden of proof for political asylum, withholding of removal, and withholding under the Convention Against Torture.

## Analysis

When the BIA summarily adopts the decision of the IJ without issuing its own opinion, we review the decision of the IJ as the final administrative order. *Denko v. INS*, 351 F.3d 717, 723 (6th

---

[1]Pursuant to 8 C.F.R. § 208.3(b) (1999), an application for asylum is deemed to include an application for withholding of deportation.

Cir. 2003).  However, in an appeal from an order of removal, we have jurisdiction to review only those claims as to which the alien has exhausted his administrative remedies, that is, those claims "properly presented to the BIA and considered on their merits."  *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004) (noting that "[i]n *Perkovic* [*v. INS*, 33 F.3d 615, 619 (6th Cir. 1994)], this court recognized that if an alien presents both exhausted and unexhausted claims, only those claims that are properly exhausted may be considered.").  In *Ramani*, we held that even if an issue is raised by the alien in his notice of appeal to the BIA, we will consider it waived if it is not argued in the brief filed with the BIA.  *Id.* at 558.  And we noted that this requirement of exhaustion of administrative remedies as a prerequisite to jurisdiction in the federal court of appeals is a creature of statute, namely 8 U.S.C. § 1252(d)(1), and not a court-created doctrine.  *Id.* at 559.

        *Ramani* and 8 U.S.C. § 1252(d)(1) are dispositive of most of the issues before us on appeal. As we have detailed above, Hasan did not challenge before the BIA the IJ's credibility determination or the order denying the withholding of deportation and protection under the Convention Against Torture.  We therefore lack jurisdiction to review those issues.

        In his second assignment of error, Hasan argues that the IJ and the BIA erred in holding that he had failed to satisfy his burden of proof on his claim for asylum.  Hasan did argue before the BIA that he had proved by clear and convincing evidence that he is a refugee within the meaning of the applicable law, and that the IJ had misapplied the law in denying his application for asylum.  We therefore have jurisdiction to review this claim, but we find it to be without merit.  The IJ concluded that Hasan supported his claim to asylum primarily by his own testimony, and that the evidence other than Hasan's own testimony is not sufficient to support the claim.  We may reverse the IJ's denial of a claim for asylum only if we find that "any reasonable adjudicator would be compelled to conclude to the contrary."  *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001) (quoting 8 U.S.C. § 1252(b)(4)(B)).  Because we cannot review the IJ's finding that Hasan's word is not credible, and because the record does not contain other credible, corroborative evidence sufficient to support the asylum claim, we must affirm the IJ's order denying asylum.

        For the foregoing reasons, we **DISMISS** the appeal as to Hasan's claims that the IJ erred in finding him not credible and in denying him withholding of deportation and protection under the Convention Against Torture.  We **AFFIRM** the orders of the IJ and the BIA denying Hasan's claim for asylum.