**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0100n.06**
**Filed: February 8, 2006**

**No. 04-4536**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JIHAD MARJI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | OF A DECISION OF THE |
| | ) | BOARD OF IMMIGRATION |
| ALBERTO R. GONZALES, U.S. Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

---

**BEFORE:    GUY, SUTTON, and McKEAGUE, Circuit Judges.**

**PER CURIAM.**  Petitioner Jihad Marji seeks review of the denial of his petition for suspension of deportation and voluntary departure.  We find no error on petitioner's legal claims and do not have jurisdiction to review his remaining claims.  Accordingly, we affirm.

**I.**

Marji is a Jordanian native and citizen who entered the United States in 1988 at age 25.  He entered using a non-immigrant visa, which permitted him to remain in the country until August 1, 1989.  He overstayed his visa without authorization.  Officials of the former Immigration and Naturalization Service commenced proceedings against him in January 1996.  Marji admitted his deportability, and applied for a suspension of deportation under § 244(a) of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1254 (repealed 1996).[1]  Generally, an immigration judge can

suspend deportation if the alien meets the following prerequisites: (a) the alien was physically

present in the United States for at least seven years preceding the petition; (b) the alien was a person

of good moral character during that period; and (c) deportation would result in extreme hardship to

the alien or the alien's spouse, parent, or child who is a citizen of the United States or a lawful

permanent resident alien. *Id*. § 1254(a)(1).  Marji also sought permission for voluntary departure if

his petition for suspension of removal was denied. *Id.* § 1254(e).

In August 2003, Immigration Judge Robert D. Newberry (the "IJ") held a hearing on Marji's

petition.  The Government conceded that Marji met the seven-year residency requirement, so the IJ

focused on the factors of good moral character and extreme hardship.

The IJ concluded that Marji did not have good moral character.  Although Marji worked

continuously, there were periods in which he did not have a valid work permit and did not file an

income tax report or pay income taxes.  The IJ found that Marji supported his wife's heroin habit

and thwarted her participation in a drug-rehabilitation program.  Marji had also been convicted of

domestic violence.

On the extreme hardship element, the IJ found that Marji made no showing that his

deportation would create an extreme hardship on himself, his wife, or his parents.  If Marji was

---

[1]Marji's deportation proceedings commenced before April 1, 1997, but the final order of deportation was issued after October 30, 1996.  Under the "transitional rules" of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Marji's petition was treated as one for "suspension of deportation" under § 244(a) of the pre-1996 version of the INA, rather than cancellation of removal under IIRIRA. *See* IIRIRA § 309(a), (c)(1), (c)(4); 8 U.S.C.S. § 1101.

removed, his wife would have to support her own drug habit, but this would not constitute a relevant "hardship." The spouses offered conflicting testimony on several matters, including health and medical problems, the topic of children, and their separation. Given this and other evidence, the IJ questioned the validity of the marriage. While making no formal finding on its validity, the IJ found that Marji failed to show any extreme hardship to his wife if he were deported. The IJ also found that Marji failed to support his assertion that his parents depended on him for financial support.

Even had Marji met the prerequisites for suspension, the IJ determined that he would not grant such relief as a matter of discretion. Accordingly, he denied Marji's petition for suspension of deportation. The IJ also denied Marji's request for voluntary departure for similar reasons.

In affirming the IJ's decision, the Board of Immigration Appeals ("BIA") used its streamlined "affirmance without opinion" procedure. 8 C.F.R. § 1003.1(e)(4). Where the BIA affirms an IJ's decision without opinion, the IJ's decision is deemed the final agency action. *Id.* § 1003.1(e)(4)(ii); *see also Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005).

**II.**

Marji must establish his good moral character and extreme hardship of deportation to be eligible for suspension of deportation. Yet, even if eligible, there is no guarantee his deportation will be suspended – the final decision is left to the discretion of the IJ. 8 U.S.C. § 1254(a) (repealed 1996) ("[T]he Attorney General may, in his discretion, suspend deportation [if the alien satisfies the prerequisites.]").

Our standard and scope of review of the IJ's decision are governed by the REAL ID Act of 2005 (the "Act"), Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under the Act, we do not have jurisdiction to review "any judgment regarding the granting of relief" on suspension of deportation petitions or "any other decision or action" left to the discretion of the Attorney General or the Secretary of Homeland Security. *See* 8 U.S.C. § 1252(a)(2)(B)(i),(ii) (2005). As designees of the Attorney General, this jurisdictional limitation on our review extends to the discretionary decisions of immigration judges. 8 C.F.R. § 1003.10. An immigration judge's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Notwithstanding these limitations, we retain jurisdiction to review claims of constitutional or legal error. *Id.* § 1252(a)(2)(D).

Marji raises three claims related to his petition for suspension of deportation. He first argues that a translation error involving his religious affiliation caused the IJ to draw unwarranted conclusions from differences between testimony and the written application. Marji concedes that this is a claim of mistake of fact. Credibility and other factual determinations are left to the IJ. *Id.* § 1252(b)(4)(B); *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 n.4 (10th Cir. 2005) ("[W]e are satisfied that the Real ID Act does not provide this court with jurisdiction to review the agency's determinations on . . . credibility issues."). Marji has pointed to no mistake of fact that would compel a reasonable adjudicator to find his testimony credible on this issue.

Marji also argues that the IJ erred as a matter of law by purportedly making a legal conclusion on the validity of the Marjis' marriage while a related petition was pending. The IJ did not make any legal conclusion about the validity of the marriage. Given several inconsistencies in

testimony, the IJ questioned the validity of the marriage, but did not conclude that it was invalid. The IJ was well within his discretion to consider the record evidence of the Marjis' marriage. *See Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004); *Ayyoub v. INS*, 93 F. App'x 828, 834-35 (6th Cir. 2004).

Marji's third claim likewise fails. He argues that the IJ made a mistake of law by purportedly holding that Marji's unauthorized work and lack of tax payments precluded him from meeting the character requirement. Contrary to Marji's assertion, however, the IJ did not do this. Instead, the IJ simply found these facts relevant, not determinative, on whether Marji had good moral character. As working without authorization and failing to pay taxes can be grounds for an adverse character finding, the IJ did not err in considering these facts. *See, e.g.*, *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 702 (6th Cir. 2005).

## III.

Marji offers no argument in support of his petition for voluntary departure other than to assert that the "statutory requirements [for such relief] were clear and present." Even had he made a stronger argument, "[a] decision denying voluntary departure is . . . a discretionary decision." *Ali*, 366 F.3d at 412. Accordingly, we do not have jurisdiction to review the IJ's decision, other than for underlying claims of legal or constitutional error. *Abu-Khaliel v. Gonzales*, – F.3d –, 2006 FED App. 0044P, at **3 (6th Cir.); *Ali*, 366 F.3d at 412. As Marji asserts no legal or constitutional claim of error on this matter, his claim is beyond the court's review jurisdiction.

**IV.**

For the foregoing reasons, the IJ's decision, as the final agency action in this case, is affirmed.