File Name: 06a0316n.06

Filed: May 5, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-4422

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

ILIRIAN MUKA, MERITA MUKA, LIONELA
MUKA, and BRAJEN MUKA,

      Petitioners,

v.

ALBERTO GONZALES, Attorney General of the
United States,

      Respondent.

THE BOARD OF IMMIGRATION
APPEALS

_____/

Before:      MERRITT, MARTIN, and McKEAGUE, Circuit Judges

      BOYCE F. MARTIN, JR., Circuit Judge. Ilirian Muka, his wife, and their two children

appeal the Board of Immigration Appeals' denial of their applications for asylum, withholding of

removal, and relief pursuant to the United Nations' Convention Against Torture. For the foregoing

reasons, we DENY the petition for review.

I.

      The Mukas are citizens and natives of Albania. Ilirian Muka is a member of the Democratic

party. Lionela Muka entered the United States on September 15, 1999. The rest of the family

entered the country on October 17, 1999. Ilirian Muka, his wife, and his son were found to be

removable based on their use of forged passport documents to enter the United States. 8 U.S.C. §§

1182(a)(7)(A)(i)(I), 1182(a)(6)(C)(i).  Lionela was charged with being present in the United States without being admitted or paroled.  8 U.S.C. § 1182(a)(6)(A)(i).  The entire family has admitted to the allegations and conceded removability.

On April 30, 2002, the immigration judge held a hearing on the Mukas' petition for asylum, withholding from removal, and relief based on the Convention Against Torture.  At that hearing, Ilirian Muka testified as to his alleged persecution at the hands of members of the Socialist Party in Albania.  According to his testimony, in September 1991, Muka was arrested for protesting the Socialist party's manipulation of Albania's election.  He claimed that he was held in a police station for three days, where he was beaten and tortured.  In March 1997, communists allegedly beat Muka into unconsciousness and set the bar he owned on fire.  Muka was arrested in February 1998 for plotting against the Socialist government.  During the interrogation, the police kicked Muka and threatened his life and the lives of his family.  After three days, Muka was released from police custody.  In September, Muka was again arrested and asked by the police to provide the names of all leaders of the Democratic party.  He refused to comply and after twenty-four hours, was released.  Also in December of 1998, Muka found that the outside of his bar had been painted with a skull next to his children's names.

On January 20, 1999, there was an attempted kidnaping of Muka's daughter, Lionela, at her school.  This plan was foiled by a neighbor.  In April, Muka was the apparent target of a drive-by shooting, as unknown assailants shot at him and his bar, then sped away.  Muka and his family went into hiding after this incident until they left Albania in October.

In his decision of May 30, 2003, the immigration judge found the Mukas removable and denied all forms of relief. The Board of Immigration Appeals affirmed this decision on November 1, 2004. Muka filed his petition for review to this Court on November 23, 2004.

II.

We review administrative asylum and withholding of removal eligibility determinations based on a deferential standard. We will reverse only if the evidence presented by the Mukas was such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. *INS v. Elias-Zacarias,* 502 U.S. 478, 483-84 (1992) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

The Attorney General may grant asylum to any person who qualifies as a "refugee." 8 U.S.C. § 1158(b). A refugee is a person unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To prove one's refugee status, one must present specific facts demonstrating suffering of past persecution or a well-founded fear of future persecution motivated by one of these five statutorily protected grounds. *See Elias-Zacarias*, 502 U.S. at 481. The applicant's testimony, if credible, "may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a). To prove a well-founded fear of future persecution, an applicant must actually fear that he will be persecuted upon return to his country, and he must present evidence establishing an "objective situation" under which his fear can be deemed reasonable. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440-41 (1987).

As a preliminary matter, the government challenges the scope of this Court's review in this case. It argues that we must limit our review to the issues in the decision by the Board of Immigration Appeals and not reach the decision of the immigration court.[1] *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). While this is technically correct, it has little application to the question before us today. The Board's order adopted and affirmed the decision of the immigration court, stating that the decisions by the Board coincide with those articulated by the immigration court. If the Board had created an entirely new, stand-alone, decision denying the Mukas' petition, then our review would be limited to the issues in that decision. In this case, by adopting the holding of the immigration court as its own, and thereby incorporating the words, decisions, and issues of that holding into its decision, the Board subjected both decisions to our direct review. *See Gilaj v. Gonzales*, 408 F.3d 275, 282-83 (6th Cir. 2005). Therefore, while the scope of our review is limited to the issues in the Board's decision, that decision incorporates all issues discussed within both its decision and the decision of the immigration court.

Ultimately, the Mukas' petition was denied by the immigration court based on an adverse credibility determination, and that decision was adopted by the Board. "Credibility determinations are considered findings of fact, and are reviewed under the substantial evidence standard." *Sylla v. INS*, 388 F.3d 924, 925 (6th Cir. 2004). Based on that standard, we must treat findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252 (b)(4)(B)). In reviewing

---

[1]In many Board of Immigration Appeals decisions, the Board affirms the decision of the immigration judge without comment, making the immigration judge decision the final administrative order. *See e.g., Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005).

the denial of the Mukas' petition, we review that decision for substantial evidence supporting the immigration court's reasoning as to why Muka's testimony was found to be without credibility. *See Alexandrov v. Gonzales*, 442 F.3d 395, 2006 U.S. App. LEXIS 8055 at *22 (6th Cir. April 4, 2006).

The immigration court in this case articulated a number of reasons that Muka's testimony lacked credibility. One of Muka's purported instances of persecution took place over ten years earlier, in a political climate completely different from what exists today in Albania. Muka's testimony also failed to connect many of the reported instances of violence to any politically based motivation. Finally, Muka was unable to recall some of the most basic details from the events surrounding the supposed kidnaping of his daughter, Lionela.

In addition to the internal problems with Muka's testimony, the immigration court demonstrated a number of external inconsistencies, leading to its decision to find Muka lacking in credibility. Muka failed to mention two of his arrests in his credible fear interview, despite being directly asked to mention every time he had been arrested. Muka's testimony conflicted with that of his brother-in-law. Also, Muka presented documents to the immigration court to support his application, but the immigration court demonstrated that a number of these documents were of questionable origin. Muka was unable to explain why two documents were larger than the purported envelopes which transported them from Albania to the United States and how three documents without envelopes came to be in Muka's possession.

Based on the record before us, we do not believe that Muka has demonstrated that a reasonable factfinder would be compelled to conclude the requisite fear of persecution existed. *See*

*Elias-Zacarias*, 502 U.S. at 483-84. Therefore, we agree with the decision of the Board of

Immigration Appeals and hereby DENY the Mukas' petition for review.