NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0155n.06

No. 15-3752

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MOISES VASQUEZ-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA LYNCH, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

**FILED**
Mar 17, 2016
DEBORAH S. HUNT, Clerk

Before: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Moises Vasquez-Lopez, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' denial of his application for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. We dismiss the petition in part and deny in part.

In 2001, Vasquez-Lopez entered the United States from Mexico without inspection. In 2009, the Department of Homeland Security initiated removal proceedings against him. Vasquez-Lopez conceded his removability but filed the application at issue here. In his application, Vasquez-Lopez alleged that he had fled his hometown because the Mexican Army had drafted him despite his pacifism, that he had received death threats from gang members who wanted to recruit him, and that he had been threatened because of some lottery winnings and because of his religion.

At a hearing before an immigration judge, however, Vasquez-Lopez admitted that none of these allegations were true; the army had never drafted him, gangs had never recruited him, he had never won the lottery, and no one had threatened him because of his religion. The IJ asked

whether Vasquez-Lopez's application simply reflected his "preference to live and work in the United States rather than . . . live and work in Mexico?" Vasquez-Lopez answered, "Yes."

The immigration judge denied all relief, finding among other things that Vasquez-Lopez's asylum claim was frivolous and barred by the statute of limitations, that his testimony was not credible, and that Vasquez-Lopez had not shown any entitlement to withholding of removal or protection under the Convention Against Torture. Vasquez-Lopez appealed to the Board of Immigration Appeals, which held that Vasquez-Lopez's asylum application was not frivolous; but the board otherwise affirmed or declined to review the IJ's holdings. This petition followed.

Vasquez-Lopez now argues that the Board's conclusion that his application was not frivolous means that the Board should have remanded his application for asylum. But the IJ denied Vasquez-Lopez's application for a second reason, namely that he had "failed to file his asylum claim within one year of his entry into the United States," as required by 8 U.S.C. § 1158(a)(2)(B). Vasquez-Lopez did not challenge that holding on appeal, so the Board declined to review it. *See* R. 8 at 7 n.1. Therefore neither can we. *See Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

The same is true of Vasquez-Lopez's request for voluntary departure. The Board declined to consider that request because Vasquez-Lopez did not appeal the ground on which the IJ denied it—namely, that Vasquez-Lopez gave false testimony in support of his application for asylum. *See* R. 8 at 7 n.1. Hence we lack jurisdiction to consider his request for voluntary departure. *See Hasan v. Ashcroft*, 397 F.3d 417, 419-20 (6th Cir. 2005).

Vasquez-Lopez also challenges the denial of his application for withholding of removal and protection under the Convention Against Torture. To qualify for withholding of removal, Vasquez-Lopez must demonstrate "that there is a clear probability that he will be subject to

—2—

persecution if forced to return to the country of removal." *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009). To qualify for protection under the Convention Against Torture, Vasquez-Lopez must show that it is "more likely than not that he . . . will be tortured[.]" 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Here, the IJ found that Vasquez-Lopez failed to make these showings because his testimony was not credible. We review an adverse-credibility determination for substantial evidence. *See Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). Substantial evidence plainly supports the adverse-credibility determination here, given that Vasquez-Lopez essentially admitted that many of the allegations in his application were false.

The petition is dismissed in part and denied in part.