NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0133n.06

No. 18-3334

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

WILLIAM YOVANNY GONZALEZ-VALENCIA, )
)
Petitioner, )
)
v. )
)
WILLIAM P. BARR, Attorney General )
)
Respondent. )
)

**FILED**
Mar 19, 2019
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. William Yovanny Gonzalez-Valencia, a citizen of El Salvador, petitions for review of the Board of Immigration Appeals' denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. His lone argument on appeal is that the Board erred by relying on its earlier precedent. We see no error and thus deny his petition.

I.

In December 2015, Gonzalez-Valencia crossed the United States border from Mexico into Texas. The Department of Homeland Security arrested him the same day. Soon thereafter, the government began removal proceedings, alleging that Gonzalez-Valencia was removable because he had no visa or entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Gonzalez-Valencia conceded that he was removable, but applied for asylum under 8 U.S.C. § 1158(b), withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and protection under the Convention Against Torture, 8

C.F.R. § 1208.16(c)(2). To obtain asylum or withholding of removal, Gonzalez-Valencia must show that he has, at least, a "well-founded fear of persecution on account of . . . membership in a particular social group." *See* 8 U.S.C. § 1101(a)(42)(A); *Umana-Ramos v. Holder*, 724 F.3d 667, 674 (6th Cir. 2013).

In his application, Gonzalez-Valencia argued that he would be persecuted for (among other things) belonging to a "particular social group" composed of "young men of gang age." The Immigration Judge denied Gonzalez Valencia's application for several reasons. As relevant here, the IJ held that a social group comprising "young men of gang age" did not qualify as a "particular social group" under the statute. The IJ also determined that Gonzalez-Valencia had failed to show that he would be tortured if he returned to El Salvador.

Gonzalez-Valencia appealed the IJ's decision to the Board of Immigration Appeals, arguing for the first time that he would be persecuted for belonging to a "particular social group" composed of "poor male youth." The Board affirmed the IJ's denial of Gonzalez-Valencia's application, holding (among other things) that he had forfeited this argument by failing to raise it before the IJ. To support this holding, the Board relied on its earlier decision in *Matter of W-Y-C & H-O-B*, 27 I. & N. Dec. 189 (BIA 2018). Gonzalez-Valencia then filed this petition for review of the Board's decision.

## II.

Gonzalez-Valencia's petition challenges only the Board's application of its earlier decision in *Matter of W-Y-C*. He primarily argues that *Matter of W-Y-C* was wrongly decided. We review questions of law de novo. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2016).

In *Matter of W-Y-C*, the Board refused to consider an applicant's argument for relief based on membership in a "particular social group," because the applicant had failed to raise that

particular group before the IJ. 27 I. & N. Dec. at 190. The Board explained that, because it was "an appellate body whose function is to review, not to create, a record," it had "long held" that it "generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge." *Id.* And when an applicant has failed to identify a "particular social group" during the IJ proceedings, the IJ "will not have had an opportunity to make [the] relevant factual findings[.]" *Id.* at 191. The Board therefore held that, during IJ proceedings, an applicant "has the burden to clearly indicate the exact delineation of any particular social group(s) to which she claims to belong." *Id.*

Gonzalez-Valencia challenges *Matter of W-Y-C* on several grounds. First, he argues that the Board's forfeiture standard—which requires applicants to "clearly indicate the exact delineation of any particular social group[]" before the IJ—conflicts with this court's caselaw, which says parties must "adequately raise" an argument before the Board to obtain judicial review. *See Patel v. Gonzales*, 432 F.3d 685, 692 (6th Cir. 2005) (citing *Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005)). But that caselaw merely interprets 8 U.S.C. § 1252(d)(1), which limits our jurisdiction to review only those arguments that a party raised during administrative proceedings. *See Hasan*, 397 F.3d at 419-20. And Gonzalez-Valencia cites no authority for his assertion that this standard also governs the Board's review of IJ proceedings. Hence this argument fails.

Second, Gonzalez-Valencia argues that the Board erred in *Matter of W-Y-C* when it said that an IJ's analysis of a "particular social group" involves fact finding. But the question whether an applicant's "fear of persecution is on account of his membership in a particular social group is ultimately a question of fact." *See Zaldana Menijar v. Lynch*, 812 F.3d 491, 499 n.4 (6th Cir. 2015) (internal quotation marks omitted). Thus, *Matter of W-Y-C* correctly held that an IJ must make factual findings to decide an applicant's claim for relief based on membership in a "particular

social group."

Next, Gonzalez-Valencia points to cases where, he says, the Board allowed an applicant to recast his definition of a "particular social group" on appeal. That the Board allowed a party to assert a forfeited argument in a particular case, however, does not mean that the Board is required to consider forfeited arguments in every case. And nothing in those cases otherwise conflicts with *Matter of W-Y-C*'s holding that the Board need not consider forfeited arguments.

Finally, Gonzalez-Valencia argues that, even if *Matter of W-Y-C* is correct, the Board should not have applied it here, because Gonzalez-Valencia's IJ proceeding had concluded before the Board decided *Matter of W-Y-C*. Thus he says that the Board applied the "new rule" of *Matter of W-Y-C* "retroactively." But in *Matter of W-Y-C* itself, the Board said that it had "long held" that the Board "generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge." 27 I. & N. Dec. at 190 (citing *Matter of J-Y-C*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007)). Gonzalez-Valencia cites no precedent that holds to the contrary. That arguments not presented to the IJ are forfeited before the Board, therefore, was hardly a new rule when the Board applied it here.

The petition for review is denied.