NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0496n.06

Case No. 22-3208

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>SERGIA MARIELA MENJIVAR-MURILLO,</td><td>)</td><td></td></tr>
<tr><td>Petitioner,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>ON PETITION FOR REVIEW FROM<br>THE UNITED STATES BOARD OF</td></tr>
<tr><td>MERRICK B. GARLAND, Attorney General,</td><td>)<br>)<br>)</td><td>IMMIGRATION APPEALS ; Agency<br>No. A200-607-160</td></tr>
<tr><td>Respondent.</td><td>)<br>)</td><td>OPINION</td></tr>
</table>

FILED
Dec 02, 2022
DEBORAH S. HUNT, Clerk

Before:  BOGGS, STRANCH, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge.  Sergia Menjivar-Murillo ("Menjivar") petitions for review of an order denying her motion to reopen removal proceedings.  We dismiss her petition in part and deny it in part.

I.

On February 24, 2010, Menjivar left Mexico on foot and tried to enter the United States illegally.  United States Border Patrol agents found her crossing the border and arrested her.  The Border Patrol turned her over to an immigration officer, who determined she was in the United States unlawfully.  Thus, the Department of Homeland Security initiated removal proceedings and personally served Menjivar with a Notice to Appear ("Notice").  That Notice listed Menjivar's address of record, then in Kentucky, and ordered her to appear before an immigration judge ("IJ") in Louisville at a date and time "to be set."  AR101.  The Notice informed Menjivar of her

obligation to notify the Immigration Court immediately if she changed her address. Otherwise, the Notice warned, the government would not be required to provide her with written notice of her hearing. The Notice also cautioned that if Menjivar failed to attend a hearing, an IJ could order her removal in her absence.

The Immigration Court mailed Menjivar a hearing notice at her Kentucky address the following year. That document informed Menjivar that her removal hearing had been scheduled for October 1, 2012, at the Immigration Court in Louisville. Menjivar failed to appear. In her absence, the IJ concluded DHS had satisfied its burden of proving Menjivar's removability and ordered her removal.

More than seven-and-a-half years later, Menjivar asked the IJ to reopen her case and rescind the removal order. Menjivar explained that she never received the hearing notice because she had moved to another state, though she conceded that she never informed the Immigration Court of her new address.

The IJ denied the motion to reopen, concluding Menjivar had received legally adequate notice and that no exceptional circumstances warranted sua sponte reopening. The Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision and dismissed Menjivar's appeal. This petition timely followed.

Where, as here, the BIA adopted and affirmed the IJ's reasoning, we review both opinions. *See Guzman-Vasquez v. Barr*, 959 F.3d 253, 259 (6th Cir. 2020).

## II.

Menjivar presents two arguments in her petition. Neither succeeds.

First, Menjivar argues that the IJ should have granted her motion because (1) her initial notice to appear failed to specify the time and location of her hearing, and (2) the hearing notice

subsequently mailed to her did not cure that defect. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Because Menjivar never made this argument to the IJ or the BIA, we lack jurisdiction to consider it. *See Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004).[1]

Second, Menjivar argues the agency gave inadequate weight to an affidavit explaining that she never received notice of the October 1, 2012, hearing. Because Menjivar presented this argument to the BIA, we have jurisdiction to address it. *See Hasan v. Ashcroft*, 397 F.3d 417, 420 (6th Cir. 2005).

In general, the government must supply written notice of an immigration hearing, either through personal service or through service by mail. *See* 8 U.S.C. § 1229(a). Service by mail is sufficient if the government can prove it attempted delivery to the last mailing address that the person provided. *See id.* § 1229(c). Here, the Immigration Court mailed Menjivar a hearing notice at her address of record, and there was no evidence that the mail was returned or otherwise marked as undeliverable. It was reasonable for the IJ to conclude that Menjivar was provided with notice of her hearing. *See Valadez-Lara v. Barr*, 963 F.3d 560, 568-69 (6th Cir. 2020).

Moreover, because Menjivar failed to keep her address current with the Immigration Court, the government was not required to provide her with written notice. *See* 8 U.S.C. § 1229(a)(1)(F); *id.* § 1229a(b)(5)(B). Nor was Menjivar entitled to reopening after her "own conduct made . . .

---

[1] *Niz-Chavez* forms the basis of Menjivar's argument on this point, and the Supreme Court issued its opinion in *Niz-Chavez* after Menjivar's briefing before the IJ and the BIA. But the timing makes no difference, for three reasons. First, Menjivar could have made the argument she makes now without relying on *Niz-Chavez. Cf. Wright v. Spaulding*, 939 F.3d 695, 705–06 (6th Cir. 2019) ("A new case matters only, if at all, because of the *new legal arguments* it makes available."). Second, exhaustion ensures the agency has had a full opportunity to consider an alien's claims and compile a record "adequate for judicial review," *Ramani*, 378 F.3d at 559 (citation omitted), and it has not had the opportunity to do either of those things here. And third, Menjivar has not addressed her failure to exhaust, so she has forfeited any argument that that failure should be excused. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999).

her unreachable." *Sanchez v. Holder*, 627 F.3d 226, 233 (6th Cir. 2010) (citation omitted). Thus, the BIA did not abuse its discretion by dismissing Menjivar's appeal.[2]

For these reasons, we dismiss the petition in part for lack of jurisdiction and deny the petition in remaining part.

---

[2] Before the BIA, Menjivar also challenged the IJ's conclusion that Menjivar was not entitled to sua sponte reopening based on exceptional circumstances. In her petition to this court, Menjivar notes in her statement of the case that both the IJ and the BIA concluded Menjivar failed to establish "exceptional circumstances" justifying reopening. But Menjivar nowhere argues that the agency erred in reaching this conclusion. Thus, she has forfeited any challenge to the agency's determination that no exceptional circumstances warranted sua sponte reopening. *See Suarez-Diaz v. Holder*, 771 F.3d 935, 945 (6th Cir. 2014) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996))).