NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0329n.06
Filed: June 11, 2008

No. 06-4425
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FAISAL HASSON, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM AN ORDER OF THE BOARD |
| v. | ) | OF IMMIGRATION APPEALS |
| | ) | |
| MICHAEL B. MUKASEY, | ) | |
| | ) | |
| Respondent, | ) | |

BEFORE: SUHRHEINRICH and ROGERS, Circuit Judges; and BELL, Chief District Judge.[*]

**PER CURIAM.** Petitioner Faisal Hasson ("Hasson") petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on September 29, 2006. Hasson contends that the BIA abused its discretion by dismissing his appeal without adequate reasoning, and that it erred in finding that Hasson failed to meet his burden of proof. For the reasons stated herein we deny the petition for review.

**I.**

Hasson is a native and citizen of Syria. He is of Kurdish origin. He came to the

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

United States in 1982 on a student visa and was authorized to remain in the United States until May 31, 1987. Hasson filed an application for asylum and for withholding of removal on November 19, 2001, claiming that he feared returning to his country because of his Kurdish nationality and the political opinions he has expressed. The Immigration and Naturalization Service ("INS") (now the Department of Homeland Security) initiated removal proceedings against Hasson pursuant to the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), because Hasson had remained in the United States beyond the term of his student visa without authorization from the INS. At a hearing before an Immigration Judge ("IJ") on September 27, 2002, Hasson conceded that he was subject to removal, but indicated his desire to proceed on his previously-filed application for asylum and withholding of removal.

At an evidentiary hearing on April 25, 2005, the IJ considered Hasson's requests for asylum under 8 U.S.C. § 1158(a)(2), for withholding of removal under 8 U.S.C. § 1231(b)(3), for protection under Article III of the Convention Against Torture ("CAT"),[1] and for voluntary departure. The IJ found that Hasson was not credible, and that he was accordingly unable to sustain his burdens of proof and persuasion for any of his claims. The IJ also found that Hasson's asylum claim was barred by the applicable statute of limitations,

---

[1] Protection under the CAT is given in the form of withholding of removal. 8 C.F.R. § 208.16(c); *Namo v. Gonzales*, 401 F.3d 453, 457 (6th Cir. 2005).

and that his claims for asylum and withholding of removal failed on the merits. The IJ

accordingly denied Hasson's requests for asylum, withholding of removal, protection under

the CAT, and voluntary departure, and ordered that Hasson be removed to Syria. Hasson

appealed. The BIA adopted and affirmed the IJ's decision and dismissed Hasson's appeal.

This timely petition for review followed.

## II.

The first issue Hasson has presented for review is whether the BIA abused its

discretion by failing to provide a reasoned analysis of the legal basis of its holding, and by

failing to assess the adequacy of the IJ's individual findings. *See Denko v. INS*, 351 F.3d

717, 728 (6th Cir. 2003) (requiring the BIA to review the record and to give the IJ's findings

individualized consideration).

Contrary to Hasson's assertions, the BIA's one-paragraph per curiam order dismissing

his appeal does not lack a reasoned analysis. By adopting the decision of the IJ, and citing

to *In re Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the BIA demonstrated that it

"independently reviewed the case" and that it was "in agreement with the reasoning and

result" of the IJ's decision. *See Gishta v. Ashcroft*, 404 F.3d 972, 980 (6th Cir. 2005). As

we noted in *Denko*, "[c]ourts have consistently allowed the IJ's decision to become the final

agency determination subject to review when the Board has adopted the IJ's findings or has

deferred to the IJ's decision." *Denko*, 351 F.3d at 728 (citing cases). "When the BIA affirms

the IJ without issuing its own opinion, we review the IJ's opinion." *Ndrecaj v. Mukasey*, 522

F.3d 667, 672 (6th Cir. 2008). *See also Gilaj v. Gonzales*, 408 F.3d 275, 282-83 (6th Cir.

2005) ("Where the BIA adopts the IJ's reasoning, the court reviews the IJ's decision directly

to determine whether the decision of the BIA should be upheld on appeal."). In this case the

BIA explicitly adopted the IJ's decision as its own and also provided additional reasons for

its ruling. In such a case "we review the IJ's opinion as well as the BIA's additional

reasons." *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008) (citing *Gilaj*, 408 F.3d at

283).

Hasson has not argued that the IJ failed to properly review the record or make

individualized findings. We will not assume that the BIA disregarded its responsibility to

review the record and to give the IJ's findings individualized consideration in the absence

of tangible evidence to support such a conclusion. *See Denko*, 351 F.3d at 728-29.

Accordingly, we reject Hasson's argument that the BIA abused its discretion by failing to

provide a reasoned analysis of the legal basis for its decision.

## III.

The second issue Hasson has presented for this Court's review is whether there was

substantial evidence to support the finding that he failed to meet his burden of proof on his

claims for asylum, withholding of removal, and protection under the CAT.

Before we consider the sufficiency of the evidence as to Hasson's asylum claim, we

must address the BIA's determination that Hasson's asylum claim was statutorily barred

because it was not timely filed. The INA requires applications for asylum to be filed within

one year of the alien's arrival in the United States, 8 U.S.C. § 1158(a)(2), or within one year

of changed circumstances which materially affect the applicant's eligibility for asylum, or

extraordinary circumstances relating to the delay in filing an application, 8 U.S.C.

§ 1158(a)(2)(D). We are statutorily barred under 8 U.S.C. § 1158(a)(3) from reviewing an

asylum application that was denied as untimely unless the petition "seeks review of

constitutional claims or matters of statutory construction." *Almuhtaseb v. Gonzales*, 453 F.3d

743, 748 (6th Cir. 2006) (confining the statutory bar against judicial review to petitions

requesting review of "discretionary or factual" questions in light of 8 U.S.C.

§ 1252(a)(2)(D)). "'[T]he existence of "changed circumstances" that materially affect

eligibility for asylum is a predominantly factual determination, which will invariably turn on

the facts of a given case.'" *Id.* (quoting *Ramadan v. Gonzales*, 427 F.3d 1218, 1221-22 (9th

Cir. 2005)). *See also Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 502 (6th Cir. 2007)

(holding that the applicant's claim of extraordinary circumstances raised predominantly

factual issues that were jurisdictionally barred from review).

Hasson testified that he received word in August 2000 from his father that Hasson was

under investigation and that his brother had been detained by the Syrian security forces. The

IJ determined that Hasson's asylum application was untimely because it was not filed until

November 2001, more than one year after the alleged "changed circumstances."

We do not have jurisdiction to review the IJ's denial of Hasson's asylum application

because the IJ's timeliness determination was clearly based upon factual findings and Hasson

has not challenged the timeliness determination on the basis of an issue of constitutional dimension or statutory construction. Accordingly, Hasson's petition for review must be dismissed to the extent it relates to his asylum claim.

Although the timeliness issue is dispositive of Hasson's asylum claim, his withholding of removal and CAT protection claims are not affected by that determination. *See Liu v. INS*, 508 F.3d 716, 722 (2d Cir. 2007).

The government contends that we lack jurisdiction to review the withholding of removal and CAT protection claims because Hasson has not exhausted his administrative remedies as to these claims. Specifically, the government contends that Hasson failed to raise these issues in his appeal brief to the BIA.

The INA provides that a court may review a final order of removal only if "the alien has "exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1). We have construed this section to mean that "only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal." *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). The purpose of § 1252(d)(1)'s exhaustion requirement is "(1) to ensure that the . . . agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims; (2) to avoid premature interference with the agency's processes; and (3) to allow the BIA to compile a record which is adequate for judicial review." *Ramani*, 378 F.3d at 559 (citations and quotation marks omitted).

Hasson filed a joint application for asylum and withholding of removal, which the IJ

also construed to include an application for protection under the CAT. Hasson offered the

same evidence in support of all three claims. In his appeal brief to the BIA Hasson mentioned

the adverse findings on all three claims, but phrased his arguments in terms of the denial of

his asylum claim rather than the denial of his claims for withholding of removal and CAT

protection.

An applicant seeking asylum must show that he has a "well-founded fear of future

persecution." *Zoarab*, 524 F.3d at 780; *see also* 8 U.S.C. § 1158(b)(1) (authorizing asylum

for "refugees"); 8 U.S.C. § 1101(a)(42)(A) (defining "refugee"). An applicant seeking

withholding of removal must show that there is a "clear probability" of persecution. *Zoarab*,

524 F.3d at 782 (quoting *INS v. Stevic*, 467 U.S. 407, 424 (1984)). An applicant seeking relief

under the CAT must show that he would "more likely than not" be subjected to torture after

being deported. *Id.*; 8 C.F.R. § 1208.16(c)(2). The "clear probability" and "more likely than

not" standards are more stringent than the "well-founded fear" standard for asylum. *Ndrecaj*,

522 F.3d at 677. Accordingly, if an applicant fails to meet the standard for asylum, he is

automatically incapable of meeting the more stringent standards for withholding of removal

and relief under the CAT. *Id.*; *Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

Hasson offered the same proofs for all three claims. The IJ found that he failed to

present sufficient proofs to support even the lower burden necessary for a grant of asylum and

that it necessarily followed that he could not meet the higher burden for withholding of

removal or CAT protection. Because Hasson mentioned the adverse findings on all three

claims, and because Hasson's arguments regarding his asylum claim also addressed the first

necessary element of his claims for withholding of removal and CAT protection, Hasson's

failure to independently argue his claims for withholding of removal and CAT protection do

not impact any of the purposes of the exhaustion requirement. We are satisfied that Hasson

has exhausted his withholding of removal and CAT protection claims and has preserved them

for judicial review.

Hasson contends that there was insufficient evidence to support the denial of his

requests for withholding of removal and CAT protection because the IJ ignored substantial

evidence that Hasson would be harmed if he returned to Syria because he is of Kurdish origin

and because he applied for asylum in the United States.

Before considering the merits of Hasson's claims, the IJ made a finding that Hasson

could not sustain his claims of withholding of removal or withholding under the CAT because

he lacked credibility.

"When reviewing a final order of removal, we review 'factual findings under the

substantial evidence standard.'" *Ndrecaj*, 522 F.3d at 672-73 (quoting *Mostafa v. Ashcroft*,

395 F.3d 622, 624 (6th Cir. 2005)). This standard, as codified in the INA, provides that the

immigration judge's "findings of fact are 'conclusive unless any reasonable adjudicator would

be compelled to conclude to the contrary.'" *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004)

(quoting 8 U.S.C. § 1252(b)(4)(B)). "'Credibility determinations are considered findings of fact, and are reviewed under the substantial evidence standard.'" *Ndrecaj*, 522 F.3d at 674 (quoting *Sylla v. INS*, 388 F.3d 924, 925 (6th Cir. 2004)). "'While an adverse credibility finding is afforded substantial deference, the finding must be supported by specific reasons. An adverse credibility finding must be based on issues that go to the heart of the applicant's claim'" and cannot be based on an "'irrelevant inconsistency.'" *Id.* (quoting *Sylla*, 388 F.3d at 926). "[D]iscrepancies may be relevant if they can 'be viewed as attempts by the applicant to enhance his claims of persecution.'" *Id.* at 674-75 (quoting *Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004)).

The IJ's adverse credibility determination was based upon the vague and generalized nature of Hasson's application for relief, the inconsistencies in his testimony and written application, and the lack of corroboration. The inconsistencies noted by the IJ related to which of Hasson's two brothers belonged to the Kurdish liberation group, and when Hasson's brother was detained by the Syrian security forces. The IJ also noted the lack of evidence to corroborate Hasson's testimony that the Syrian security forces were looking for him, that his brother Mohammed was detained, that his brother Farhat died as a result of torture, or that Hasson expressed political opinions against the Syrian government.

Hasson does not challenge the IJ's finding regarding the inconsistencies or the lack of corroboration. Instead, he contends that the inconsistencies are minor and in no way undermine his credibility.

The inconsistencies identified by the IJ concern issues going to the heart of Hasson's claim of future persecution, and can be viewed as attempts to enhance his claims that he would be subjected to persecution and torture if he were deported. The inconsistencies take on particular significance given the generic nature of most of Hasson's evidence regarding the persecution of Kurds and the lack of evidence to corroborate any of his specific allegations. There is substantial evidence in this record to support the IJ's adverse credibility finding. The evidence of record does not "compel" a contrary conclusion. Accordingly, the IJ's adverse credibility finding is conclusive. *See* 8 U.S.C. § 1252(b)(4)(B).

The IJ determined that in light of Hasson's lack of credibility he could not sustain his burdens of proof and persuasion for a grant of asylum, withholding or removal, or protection under CAT. The IJ also found, in the alternative, that Hasson's claims failed on the merits because he produced no evidence of persecution based upon his filing for asylum or speaking out against the Syrian government. The BIA adopted the IJ's determination and also found that given the adverse credibility finding, there was no reversible error in the IJ's failure to fully consider Hasson's claim of persecution and torture based on his Kurdish nationality.

Even if Hasson's lack of credibility alone is not sufficient to sustain the BIA's denial of relief, we agree with the BIA that the record does not support Hasson's claim of persecution and torture based on his Kurdish nationality. Because we are bound by the IJ's conclusion that Hasson's testimony lacks credibility, the only evidence we can consider in support of his claim of persecution are the reports he submitted from the Department of State

and Amnesty International on human rights practices in Syria. Hasson contends that these human rights reports show a pattern and practice of persecution of Kurds as a group.

We disagree. While these reports might support a finding that some detainees have been tortured and that Kurds are subject to some restrictions on their civil rights, they do not compel the conclusion that there is a clear probability that Hasson will be persecuted or that it is more likely than not that he will be tortured simply because of his Kurdish nationality, or his having applied for asylum. Accordingly, there is substantial evidence to support the BIA's determination that he is not entitled to withholding of removal or protection under the CAT, and its entry of a final order of removal.

## IV.

For the foregoing reasons, we dismiss the petition to the extent it seeks review of the denial of Hasson's asylum application and deny the petition to the extent it seeks review of the denial of Hasson's withholding of removal and CAT protection claims.