**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0777n.06

**Case No. 08-4436**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 10, 2009**

LEONARD GREEN, Clerk

TERESA MARIA MIKOLAJCZYK, )
LECH HENRYK MIKOLAJCZYK, )
                 )
     Petitioners, )     **ON APPEAL FROM THE**
                 )     **BOARD OF IMMIGRATION**
     v. )     **APPEALS**
                 )
ERIC H. HOLDER, JR., )
Attorney General of the United States, )
                 )
     Respondent. )
                 )
_____ )

**BEFORE: BATCHELDER, Chief Judge; KENNEDY and McKEAGUE, Circuit Judges.**

**ALICE M. BATCHELDER, Chief Judge.** Teresa Mikolajczyk ("Teresa") and Lech Mikolajczyk ("Lech") appeal the Immigration Judge's ("IJ") denial of their applications for asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1) (2006), and withholding of removal under the INA, 8 U.S.C. §1231(b)(3), and the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c) (2008). For the reasons that follow, we deny the petition for review.

**I.**

The Mikolajczyks are natives and citizens of Poland, where Lech was a policeman in the national police force, and Teresa ran an auto parts business. They claim that, due to Lech's being an "honest" policeman, they were subjected to a litany of intimidating incidents, including vandalism, robberies, threats, assaults, and batteries, beginning in 1998. The Mikolajczyks argue

that these incidents resulted from Lech's refusal to accept bribes from gangs associated with individuals he had put in jail. Lech apparently sought help from his boss, but was told that what he was experiencing was part of being a policeman. The Mikolajczyks say that Lech retired in 1997 due to these incidents and the police force's failure to protect him. They say that they have one son living in the United States, who overstayed his work visa and is now applying for asylum.

The Mikolajczyks left Poland in 2000, but a friend reports that the threats continue at the apartment that they left behind. They were admitted into the United States in Chicago in December 2000, but removal proceedings were initiated in 2002 because they remained in the United States for longer than permitted. They appeared before an IJ on November 6, 2006.

The IJ found both Mikolajczyks credible, but nonetheless concluded that they had not established the well-founded fear of persecution in Poland that would be necessary to grant them asylum under the INA. The IJ further found that they had not satisfied the requisite "more likely than not to be tortured if returned" standard for withholding of removal under the CAT, 8 C.F.R. § 1208.16(c), and that having failed to establish the well-founded fear of persecution for asylum purposes, the Mikolajczyks could not satisfy the higher standard for INA withholding of removal, 8 U.S.C. § 1231(b)(3)(B); 8 C.F.R. §§ 1208.16(b)(1)-(2). *See Hanna v. Holder*, No. 08-4287, 2009 WL 1853460, at *2-*4 (6th Cir. 2009); *Kalaj v. Gonzalez,* 185 F. App'x 468, 474 (6th Cir. 2006) (quoting *Gumbol v. INS*, 815 F.2d 406, 411 (6th Cir. 1987)). The IJ therefore ordered the Mikolajczyks removed.

The Mikolajczyks appealed the IJ's decision to the Board of Immigration Appeals ("BIA" or the "Board"), which summarily affirmed the IJ, but added the comment that the Mikolajczyks had waived their request for CAT relief before the BIA by not contesting the IJ's ruling on that issue

2

before the Board. The Mikolajczyks filed a timely petition for review on October 31, 2008. Appellate R. 10/31/2008 ("Agency Case Docketed") at 1-2.

## II.

When the BIA has adopted the IJ's decision with additional commentary, we review the decision of the IJ, as supplemented by the BIA, as the final administrative order. *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009) (citations omitted); *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007) (citations omitted). We review questions of law de novo, deferring to the BIA's reasonable interpretations of the INA, but we review factual findings under the "substantial evidence" standard. *Singh v. Gonzales*, 451 F.3d 400, 403 (6th Cir. 2006) (citations omitted). Under this deferential standard, administrative findings of fact are "conclusive" unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also *Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008). These factual findings include determinations of whether an alien qualifies as a refugee for asylum purposes. *Guo Qiang Hu v. Holder*, 318 F. App'x 348, 353 (6th Cir. 2009) ("This Court reviews administrative findings of fact concerning whether [an] alien qualifies as a refugee under a substantial evidence test.") (citations omitted).

## III.

The BIA found that the Mikolajczyks had waived their request for relief under the CAT by failing to raise the IJ's ruling on that issue before the Board. Admin. R. at 3 ("[A]s the respondents did not raise any issues concerning the Immigration Judge's denial of protection under the CAT, they have waived any such claim."). This ruling was correct; no mention of the CAT appears in the Mikolajczyks' Notice of Appeal to the BIA, Admin R. 55-57, or in their brief before it, Admin R. 9-14. This failure to exhaust administrative remedies as to this issue deprives us of jurisdiction to

review it. 8 U.S.C. § 1252(d)(1)("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *see also Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005) (holding that on appeal from final order of removal, we lack jurisdiction to review claims as to which the petitioner has failed to exhaust administrative remedies by properly presenting them to the BIA for consideration on their merits); *Ramani v. Ashcroft*, 378 F.3d 554, 559-60 (6th Cir. 2004) ("By failing to properly present these claims to the BIA, Ramani failed to exhaust his administrative remedies on these issues."). While the BIA did not note it, the Mikolajczyks also failed to raise before the Board their claim that the IJ erred in denying their request for withholding of removal under the INA. For the same reasons that we lack jurisdiction to review the denial of relief under the CAT, we lack jurisdiction to review the denial of withholding of removal under the INA.

The Mikolajczyks' failure to exhaust either of the requests for withholding of removal leaves before us only their request for asylum. A successful asylum claim requires either a showing of past persecution based on a protected ground, or a showing of a well-founded fear of persecution in the future. *See Kopyonkina v. Mukasey*, 313 F. App'x 762, 768-71 (6th Cir. 2008). In order to establish that their experiences in Poland amounted to persecution under the INA, the Mikolajczyks had to show: " (1) harm that [was] severe enough to rise to the level of persecution, (2) on account of one of the statutorily protected grounds, (3) that [was] committed by the government or forces the government is either unable or unwilling to control." *Id*. at 768-69; *see also Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009) (citing *In re Kasinga*, 21 I. & N. Dec. 357, 365 (1996)), recognizing that "persecution can consist of the infliction of harm or suffering by . . . persons a government is unwilling or unable to control"); *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004) (same). For

4

purposes of analysis, the IJ assumed that the Mikolajczyks had made the requisite showings that the harm they had suffered rose to the level of persecution, and that they were members of particular social groups (former policemen in Poland and spouses of former policemen in Poland). Admin. R. 79-80. However, he found that they had failed to show a "nexus" between the harm that they suffered — and feared that they would continue to suffer in the future — and their membership in those particular social groups; that is, the IJ concluded that the petitioners had not shown that their persecution had been on account of their membership in those social groups rather than because of personal vengeance toward Lech for actions he took as a policeman (which is not a protected ground). The IJ further found that the Mikolajczyks had failed to show that the government in their home country, Poland, was either responsible for or unable or unwilling to control the forces persecuting them. The IJ therefore denied their claim for asylum. *See id.* at 80-82.

In their Notice of Appeal and brief before the BIA, and in their initial and reply briefs before us, the Mikolajczyks challenged only the IJ's determination that they were not eligible for asylum because they had failed to demonstrate a nexus between the harm they had suffered and their membership in a particular social group. But in order to be eligible for asylum, the Mikolajczyks were required to demonstrate to the IJ both the presence of this nexus and that the harm had been — or would be — inflicted by the government or by the government's inability or unwillingness to control the forces persecuting them.[1] The IJ ruled against them on both, but the Mikolajczyks raised

[1]The Mikolajczyks also argued in their reply brief that they had "administratively exhausted, and have not waived, their claims that they are refugees . . . under the INA," but their exhaustion, again, is only as to the nexus element. They assert that "if a nexus is found . . . then a new analysis must be conducted on whether the Polish government was involved in perpetrating this harm, or whether the government was unable or unwilling to protect Petitioners from this harm." Admin. R. 3-5. The Mikolajczyks are mistaken. Their burden was to demonstrate in the removal proceedings before the IJ that they were eligible for asylum, which required them to demonstrate that they were "refugees," *see* 8 U.S.C. § 1158 (b), which, in turn, required them to demonstrate that they had suffered or would suffer persecution, *see id.* at § 1101(a)(42)(A).

5

only the nexus element before the BIA. We, therefore, may not review the other on appeal. *See Hasan*, 397 F.3d at 419. And because the IJ's adverse finding on that other element — the "government's inability or unwillingness to control" — is fatal to their asylum claim, we could not provide any relief to them, even if we were to conclude that the IJ erred in determining that the Mikolajczyks had failed to demonstrate the required nexus.[2]

## IV.

For the foregoing reasons, we **deny** the Mikolajczyks' petition for review.

---

[2]We note in passing that this adverse and unreviewable finding would also be fatal to the Mikolajczyks' claim for withholding of removal under both the INA and the CAT, had they preserved for our review the IJ's denial of that relief.