NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0558n.06

No. 18-4170

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RUTH CARDENAS PALENCIA, aka Ruth Cardenas de Zuniga, | ) ) ) | **FILED**<br>Nov 04, 2019<br>DEBORAH S. HUNT, Clerk |
| Petitioner, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW<br>FROM THE UNITED STATES<br>BOARD OF IMMIGRATION<br>APPEALS |
| WILLIAM P. BARR, Attorney General, | ) ) | |
| Respondent. | ) ) | |

Before: COLE, Chief Judge; MERRITT and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Ruth Cardenas Palencia entered the United States unlawfully for the third time in 2013. The Department of Homeland Security (DHS) sought to reinstate a prior removal order entered against her. Palencia applied for withholding of removal under the Immigration Nationality Act (INA) and for protection under the Convention Against Torture (CAT). An Immigration Judge (IJ) denied Palencia relief and ordered her removed from the country. The Board of Immigration Appeals (BIA) affirmed, and Palencia petitioned this court for review. Because Palencia failed to properly present her claims to the BIA, we lack statutory authority to hear her appeal and must dismiss her petition.

I.

Palencia is a native citizen of Honduras. In 1999, she entered the United States with the assistance of a Honduran smuggler. Together, they crossed the Rio Grande on a raft near El Paso, Texas. Border Patrol agents apprehended and detained Palencia in Texas. DHS initiated a removal

action, and she was released pending those proceedings. Palencia provided DHS with an address given to her by the smuggler.

After her release, Palencia traveled with the smuggler to Michigan, where the smuggler kept her against her will for more than a year. Eventually, Palencia managed to escape. She bought a bus ticket and traveled to Atlanta, Georgia. At that point, she lost contact with DHS. Palencia never updated her address and, as a result, stopped receiving information regarding her removal proceedings. In August of 2001, an IJ ordered Palencia removed in *absentia*. She voluntarily returned to Honduras in 2002.

Palencia re-entered the United States in both 2003 and 2013. After crossing the border with her son in 2013, Palencia was detained by Border Patrol agents in Texas's Rio Grande Valley. DHS notified her of its intent to reinstate her removal order. Palencia expressed fear that she and her children would be persecuted if removed to Honduras, and she was referred to an asylum officer. In her interview with the asylum officer, Palencia testified that she feared that a Honduran gang, known as "Maya 18," would kill or seriously harm her and her son because Palencia's son had previously refused to join the gang. She testified that her former neighbor was "killed and burned" for a similar refusal to join the gang. The asylum officer found Palencia's fear of persecution credible and referred her to an IJ.

Palencia applied for withholding of removal under § 241(b)(3) of the INA and protection under CAT. The IJ denied Palencia's applications, finding her testimony inconsistent and concluding that she failed to establish various criteria for relief under both the INA and CAT. The IJ ordered Palencia removed. Palencia appealed to the BIA, and the BIA dismissed her appeal. Relevant here, the BIA held that Palencia had failed to challenge dispositive portions of the IJ's

ruling with respect to her application for withholding of removal and failed to challenge altogether the IJ's denial of her application for CAT protection. This petition followed.

II.

Congress has, by statute, limited our authority to hear immigration appeals. *See* 8 U.S.C. § 1252(d). Under § 1252(d), we cannot review a final order of removal unless "the alien has exhausted all administrative remedies." *Id.* Thus, we may review "only claims properly presented to the BIA and considered on their merits." *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004); *accord Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005).[1]

Palencia did not properly present her claims to the BIA. First, she did not raise any challenge to the IJ's denial of her application for protection under CAT. The BIA therefore determined that Palencia had abandoned any challenge to the IJ's denial of her request for CAT protection and did not address its merits. Palencia does not contest that determination before this court.

Second, Palencia did not challenge a dispositive portion of the IJ's denial of her application for withholding of removal. Under the INA, an applicant for withholding of removal must show a clear probability that she will suffer harm inflicted "by the government, or persons the government is unwilling or unable to control." *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009) (quoting *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004)). The IJ held that Palencia had failed to satisfy this element, finding that there was no evidence that the police in Honduras

---

[1] We have previously described § 1252(d)'s exhaustion requirement as jurisdictional. *Hasan*, 397 F.3d at 419–20. Last term, however, the Supreme Court held that a similar exhaustion requirement in Title VII was a "claim-processing rule," rather than a jurisdictional bar, and that any objections based on that rule could be waived or forfeited by the parties. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019). We need not decide here whether § 1252(d)'s exhaustion requirement is jurisdictional in the sense described by *Fort Bend County* because the government timely asserted its exhaustion argument.

would not protect Palencia and her family. Palencia's appeal to the BIA did not contest this dispositive finding. The BIA therefore determined that she had waived the issue for appeal; as a result, the BIA held that Palencia "ha[d] not met her burden to establish eligibility for withholding of removal." Palencia does not contest that determination in this court. Accordingly, we have no basis to question the BIA's determination that Palencia did not properly present her claims to the BIA, and we lack authority to review them here.[2] *See Mikolajczyk v. Holder*, 355 F. App'x 915, 919 (6th Cir. 2009) ("The IJ ruled against [petitioners] on both [elements], but the [petitioners] raised only [one] element before the BIA. We, therefore, may not review the other on appeal.").

\* \* \*

For the foregoing reasons, we DISMISS Palencia's petition for review.

---

[2] We note that Palencia's opening brief before this court also omits any challenge to the IJ's finding that she had not established that the Honduran government was unable or unwilling to protect her from violence. Thus, even if we could review Palencia's petition, we would consider this issue abandoned, which is dispositive of Palencia's application for withholding of removal under the INA.

COLE, Chief Judge, concurring. Although I agree that the petitioner, Ruth Cardenas Palencia, is not entitled to relief, I believe we have jurisdiction to review the two narrow issues that Palencia raises on appeal. Palencia argues: 1) that the Immigration Judge (IJ) did not make explicit adverse credibility findings under 8 U.S.C. § 1158(b)(1)(B)(iii), and 2) that the IJ did not adequately consider that her "particular social group" under 8 U.S.C. § 1231(b)(3)(A) consisted of her immediate family. Palencia raised both of these arguments to the Board of Immigration Appeals (BIA), and the BIA, in turn, discussed the merits of both. For that reason, we have jurisdiction to consider them. *See Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004) (explaining that the Sixth Circuit has jurisdiction over claims "properly presented to the BIA and considered on their merits"); *see also Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (holding that the Sixth Circuit has jurisdiction over claims that were not properly raised to the BIA, but where the BIA nonetheless reached their merits).

Even so, as the majority explains, Palencia fails to challenge dispositive portions of the IJ's denial of her application for withholding of removal. This renders her present arguments, even if meritorious, insufficient. *See Ramaj v. Gonzales*, 466 F.3d 520, 531 (6th Cir. 2006) (concluding that any error in the IJ's credibility determination was "harmless" where the court could affirm the denial of relief on a separate basis); *see also Mikolajczyk v. Holder*, 355 F. App'x 915, 919 (6th Cir. 2009) (denying a petition for review where petitioners failed to challenge the IJ's finding regarding the government's inability or unwillingness to control the persecuting forces, which was "fatal to their asylum claim"). Therefore, while I respectfully concur that the BIA's decision should not be disturbed, I would deny rather than dismiss Palencia's petition.