**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0008n.06

**Case No. 20-3635**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 06, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROSE DIKEH, aka Rose Gloria Oluku, | ) | |
| | ) | ON PETITION FOR REVIEW |
| Petitioner, | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| v. | ) | APPEALS |
| | ) | |
| JEFFREY A. ROSEN, Acting Attorney General, | ) | O P I N I O N |
| | ) | |
| Respondent. | ) | |

BEFORE:    COLE, Chief Judge; SILER and GIBBONS, Circuit Judges.

COLE, Chief Judge.  Petitioner Rose Dikeh appeals the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her petition for asylum, statutory withholding of removal, and protection under the Convention Against Torture ("CAT"). Dikeh argues the BIA erred because it failed to consider her fear of future persecution based on violence committed against Christians in Nigeria.  As explained below, we lack jurisdiction to consider Dikeh's asylum claim because she failed to submit her application for asylum on a timely basis.  We are also foreclosed from reviewing her claims for withholding of removal and protection under the CAT, as she failed to exhaust administrative remedies with the BIA.  Accordingly, we dismiss Dikeh's petition.

## I. BACKGROUND

Dikeh, a native and citizen of Nigeria, was admitted to the United States in June 2003 with a nonimmigrant student visa. In 2006, her status was terminated once she was no longer a student. Thirteen years later, in 2019, the Department of Homeland Security ("DHS") served Dikeh with a notice to appear before an IJ, charging her with removability under 8 U.S.C. § 1227(a)(1)(C)(i) for failing to maintain nonimmigrant status. During her initial appearance before the IJ, Dikeh indicated she desired to apply for asylum.

Proceeding pro se, Dikeh applied for asylum under 8 U.S.C. § 1158, statutory withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the regulations implementing the CAT, 8 C.F.R. §§ 1208.16(c), 1208.18. She stated in her application that she feared returning to Nigeria because it is home to her abusive ex-husband and an anti-Christian terrorist organization, Boko Haram.

At her merits hearing before the IJ, Dikeh testified she had left Nigeria to pursue a college degree. She also explained that her ex-husband was sexually, physically, and emotionally abusive, and she accordingly feared returning. When asked by the IJ whether she had any other reason to fear returning to Nigeria, she identified Boko Haram but insisted that her "major reason" was her ex-husband. (Administrative Record ("A.R.") at 104.) DHS submitted two U.S. Department of State reports on human rights practices and religious freedom in Nigeria for consideration by the IJ.

The IJ denied Dikeh's application for asylum, withholding of removal, and protection under the CAT and ordered her removed to Nigeria. The IJ first noted that her application for asylum was untimely because Dikeh filed it 16 years after arriving to the United States and had not identified any changes in her country of nationality or circumstances that would have affected

her ability to file for asylum. The IJ also determined that Dikeh failed to demonstrate a fear of persecution because she had not shown that government officials were unable or unwilling to protect her from her ex-husband's abuse or that she could not relocate within Nigeria to avoid persecution. Finally, the IJ determined that Dikeh's application for statutory withholding of removal and protection under the CAT, which carry a more stringent burden of proof than an asylum claim, similarly failed. The IJ did not address Dikeh's allegation that she feared returning to Nigeria due to the presence of Boko Haram.

On appeal to the BIA, Dikeh argued that the IJ should have considered her fear of persecution by members of Boko Haram in considering her asylum application. She argued in her notice of appeal she fears being targeted by Boko Harm and noted that its members have committed acts of violence throughout Nigeria while trying to convert Christians to Islam. She also reiterated her fear of her ex-husband.

The BIA affirmed the IJ's decision. It determined that Dikeh waived any challenge to the IJ's findings that she failed to file her asylum application on time. The BIA also noted that Dikeh had not contested the IJ's denial of relief on her application for withholding of removal or protection under the CAT, and therefore, considered those claims waived. Next, the BIA "acknowledge[d] that the [IJ] did not address [Dikeh's] alternative ground for asylum based on her fear of Boko Haram." (A.R. at 3.) The BIA nevertheless addressed the merits of Dikeh's asylum claim that she had a well-founded fear of future prosecution based on Boko Haram and considered evidence in the record of violence against Christians in Nigeria. It concluded that "while the Immigration Judge should have addressed this aspect of her claim, neither the respondent's testimony nor the arguments on appeal establish any likelihood that she would be

eligible for relief on this basis." (*Id.*)  The BIA noted that Dikeh had failed to present any evidence that she faced a particularized risk of harm on account of her religion.

Dikeh subsequently filed a petition for review with our court.  In her petition, she claims only that the BIA erred in denying relief based on her fear of religious persecution by Boko Haram.

## II.  ANALYSIS

We may only reach the merits of Dikeh's claims if they are timely presented and properly exhausted.  By statute, "[p]etitions for asylum must be filed within one year of the alien's arrival in the United States."  *Amir v. Gonzales*, 467 F.3d 921, 924 (6th Cir. 2006) (citing 8 U.S.C. § 1158(a)(2)(B)).  We lack jurisdiction to "review[] asylum applications denied for untimeliness only when the appeal seeks review of discretionary or factual questions," but we may review constitutional claims or matters of statutory interpretation.  *Id.* (quoting *Almuhtaseb v. Gonzales,* 453 F.3d 743, 748 (6th Cir. 2006)).  Claims for withholding of removal and protection under the CAT, however, are not subject to this timeliness requirement.  *See Hasson v. Mukasey*, 281 F. App'x 453, 455 (6th Cir. 2008).

Further, when a petitioner fails to exhaust administrative remedies, 8 U.S.C. § 1252(d)(1) forecloses judicial review.  "[W]e have jurisdiction to review only those claims . . . 'properly presented to the BIA and considered on their merits.'"  *Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005) (quoting *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004)).  The purpose of § 1252(d)(1)'s exhaustion requirement is

> (1) to ensure that the agency responsible for constructing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims; (2) to avoid premature interference with the agency's processes; and (3) to allow the BIA to compile a record which is adequate for judicial review.

*Garcia-Romo v. Barr*, 940 F.3d 192, 198 (6th Cir. 2019) (quoting *Bi Xia Qu v. Holder*, 618 F.3d 602, 609 (6th Cir. 2010)).

**A. Asylum claim**

We do not have jurisdiction over Dikeh's asylum claim because she did not timely apply for asylum and she did not exhaust her argument that she should be exempt from this requirement. *See* 8 U.S.C. § 1158(a)(2). Specifically, Dikeh did not apply for asylum until 16 years after arriving in the United States, well beyond the one-year deadline. She now argues that she should be excused from this requirement because Boko Haram attacks after her arrival to the United States constitute changed circumstances in Nigeria pursuant to § 1158(a)(2)(D). But this claim was not presented in Dikeh's initial petition for asylum or in her notice of appeal to the BIA; consequently, the BIA did not have an opportunity to address this claim on the merits. *See Ramani*, 378 F.3d at 560 ("[O]nly claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal."). Therefore, we lack jurisdiction to address the merits of her asylum claim.

Moreover, even if we could reach the merits of Dikeh's asylum claim, the BIA did not err in denying relief. "Factual findings, including those relevant to . . . [']denial of asylum applications, withholding of removal, and the CAT,' are reviewed for substantial evidence." *Bi Qing Zheng v. Lynch*, 819 F.3d 287, 293 (6th Cir. 2016) (quoting *Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008)). Under that standard, we are required to uphold the BIA's determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Here, Dikeh argues she is eligible for asylum because she is a Christian and fears she would be persecuted by Boko Haram if she returned to Nigeria. But when the BIA addressed Dikeh's asylum claim in the alternative, it still found that "neither [her] testimony nor the arguments on appeal establish any likelihood that she would be eligible for relief on this basis." (A.R. at 3.) The

BIA explained that Dikeh had testified before the IJ that her "major reason" for seeking asylum was her fear of her ex-husband and, with respect to Boko Harm, that she had failed to present any evidence corroborating that she "faces a particularized risk of harm." (*Id.*)

And even in the context of a "pattern or practice" of future persecution claim, which Dikeh asserts in her brief, we have consistently denied relief when presented with similarly thin records. *See, e.g.*, *Agu v. Barr*, 812 F. App'x 324, 327–29 (6th Cir. 2020) (substantial evidence supports finding that fear of "the activities of Boko Haram [in Nigeria]" without evidence of "interactions with Boko Haram or any other criminal groups" is insufficient to demonstrate a fear of future persecution); *Hanna v. Holder*, 335 F. App'x 548, 551 (6th Cir. 2009) (a "generalized or random possibility of harm" and "one's status as a Christian, without more," is insufficient to establish a fear, or pattern or practice, of persecution). To demonstrate "a pattern or practice, the level of persecution must be extreme," meaning that "'[t]here must be a systematic, pervasive, or organized effort to kill, imprison, or severely injure members of the protected group, and this effort must be perpetrated or tolerated by state actors.'" *Vakeesan v. Holder*, 343 F. App'x 117, 123 (6th Cir. 2009) (quoting *Krishnapillai v. Holder*, 563 F.3d 606, 620 (7th Cir. 2009)). Considering the limited evidence presented by Dikeh and the deference we owe to the BIA's factual determinations, no reasonable adjudicator would be compelled to disagree with the BIA.

## B. Withholding of removal and CAT claims

Unlike her asylum claim, Dikeh's claims for withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the CAT and its implementing regulations, 8 C.F.R. §§ 1208.16(c), 1208.18, are not subject to a timeliness requirement. *See Hasson*, 281 F. App'x at 455. However, the BIA found that Dikeh failed to exhaust these claims in her notice of appeal, noting Dikeh "has not meaningfully contested the denial of her applications for withholding of

removal, protection under the Convention Against Torture, and voluntary departure. Consequently, any arguments on these issues are waived." (A.R. at 2–3.) Dikeh's failure to exhaust administrative remedies as to these claims deprives us of jurisdiction to review them. *Ramani*, 378 F.3d at 560; *see also Mikolajczyk v. Holder*, 355 F. App'x 915, 917–18 (6th Cir. 2009) (finding we lack jurisdiction where no mention of the CAT or withholding of removal appeared in the notice of appeal). Dikeh contends that the BIA waived the exhaustion requirement when it reviewed the issues sua sponte, but her claim is belied by the BIA's opinion, which addressed only her "alternative ground for *asylum* based on her fear of Boko Haram," not her withholding of removal or CAT claims. (A.R. at 3 (emphasis added).)

Even if we were to construe the BIA's opinion as addressing the merits of Dikeh's withholding of removal and CAT claims, a reasonable adjudicator would not be compelled to grant relief on the limited record before us. As explained above, Dikeh "has failed to establish eligibility for asylum, [and therefore, s]he cannot satisfy the more stringent standards necessary for withholding of removal pursuant to INA § 241(b)(3) or relief under CAT." *Hassan v. Gonzales*, 403 F.3d 429, 435 (6th Cir. 2005).

### III. CONCLUSION

For the foregoing reasons, we dismiss the petition for lack of jurisdiction.