NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0397n.06

No. 09-3748

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 02, 2010**
LEONARD GREEN, Clerk

AMANDA ESCOBAR-BATRES,

      Petitioner,

v.

ERIC H. HOLDER, Jr., United States
Attorney General,

      Respondent.

_____/

On appeal from the Board of
Immigration Appeals

BEFORE:    MARTIN, RYAN, and KETHLEDGE, Circuit Judges.

RYAN, Circuit Judge.        The petitioner, Amanda Escobar-Batres, seeks review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of Escobar's claim for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because we find that the BIA correctly upheld the IJ's determination, we deny Escobar's petition for review.

**I.**

Escobar, born in November 1989, is a native and citizen of El Salvador. She arrived in the United States via Texas sometime in November 2006. On November 22, 2006, Escobar was served with a Notice to Appear before immigration authorities to answer the charge that she was removable as an alien present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Escobar conceded to the allegation, and later filed an application for asylum, withholding of removal, and protection

under CAT. She based her qualification for asylum on "membership in a particular social group." She defined that group as "women under the age of 17 who refuse to join gangs [(specifically, the Maras or MS-13 gang)] in El Salvador because they are opposed to the practices of the gangs."

On January 15, 2008, the IJ held a hearing. Escobar testified that the Maras gang actively recruited girls and harassed those who refused their advances. Escobar testified regarding four incidents that caused her to flee to the United States. First, in August 2004, a tattooed man and his two friends approached her and asked her to get something out of their car. Suspecting them to be Maras, she ran away. Second, in March 2006, the Maras robbed a bus in which she and her sister were riding, though they did not steal anything from Escobar. Third, in June 2006, three or four Maras in a car pulled up to Escobar, who was at a bus stop, and asked her if she wanted to join their gang. She said no and boarded the bus. Finally, in September 2006, Escobar witnessed the Maras kidnap a boy at a bus stop. That boy was found dead a couple of weeks later. Neither Escobar nor her family ever reported any of these incidents to police.

Escobar's father, who was under temporary protected status at the time, testified at her hearing as well. He stated that the Maras gang runs the neighborhood, enforcing curfews and charging residents money to enter and exit the neighborhood. He stated that the police either cannot or will not control the Maras.

The IJ issued an oral ruling, denying Escobar's request for asylum, withholding of removal, and protection under CAT. While the IJ found both Escobar and her father's

testimonies credible, the IJ held that Escobar failed to demonstrate that she belonged to a particular social group that would qualify her for protection. The IJ denied her petition.

Escobar filed an appeal and the BIA dismissed it, holding that the IJ was correct in finding that Escobar had failed to meet her burden of proof. The BIA agreed with the IJ's conclusion that "Salvadoran females under the age of 18 who refuse to join a gang because they oppose gang practices" is not "a particular social group" whose members are entitled to protection under 8 U.S.C. § 1101(a)(42)(A). Escobar now appeals the BIA's decision with regard to her claims for asylum and withholding of removal.

## II.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. Mostafa v. Ashcroft, 395 F.3d 622, 624 (6th Cir. 2005).

## III.

Pursuant to the Immigration and Nationality Act (INA), the Attorney General has discretion to grant asylum to a "refugee." 8 U.S.C. § 1158(b)(1)(A). The INA defines a "refugee" as an alien who is "unable or unwilling" to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The burden of establishing refugee status lies with the applicant. Mikhailevitch v. INS, 146 F.3d 384, 389 (6th Cir. 1998).

"A particular social group" is defined as a group "of individuals who share a 'common, immutable characteristic.'" Urbina-Mejia v. Holder, 597 F.3d 360, 365 (6th Cir. 2010) (quoting Castellano-Chacon v. INS, 341 F.3d 533, 546 (6th Cir. 2003)). This

characteristic should be "a fundamental characteristic that either cannot [be] change[d], or should not be required to [be] change[d] because it is fundamental to [the members'] individual identities or consciences." Castellano-Chacon, 341 F.3d at 547 (internal quotation marks omitted) (alterations in original).

Escobar argues that she satisfied her burden of establishing eligibility for asylum and withholding of removal, and that the BIA erred in concluding otherwise. She contends that she belongs to a particular social group with two characteristics: (1) being a Salvadoran teenage girl; and (2) being targeted for recruitment by the Maras.

We disagree and hold that the BIA correctly found that Escobar is not a member of "a particular social group" for purposes of asylum and withholding of removal. We have rejected the notion of "generalized, sweeping classifications for purposes of asylum." Rreshpja v. Gonzales, 420 F.3d 551, 555 (6th Cir. 2005). Escobar's proposed social group is simply too broad, as it consists of any female teenage citizen who refuses to join the Maras and could include all Salvadoran teenage girls who are currently not in the Maras. Although Escobar attempts to narrow her proposed group by emphasizing that its members are harassed, beaten, tortured, and even killed for not joining the Maras, we have held that "a social group may not be circularly defined by the fact that it suffers persecution." Id. at 556. That is exactly what Escobar seeks to do here.

Escobar has failed to show that she is a member of a particular social group for purposes of asylum and withholding of removal, and consequently, has failed to meet her burden to establish that she suffered persecution or has a well-founded fear of persecution

on account of a statutorily protected ground. The BIA, therefore, correctly found that Escobar was not entitled to asylum or withholding of removal.

## IV.

We **DENY** Escobar's petition for review.