NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0691n.06

No. 13-3441

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JORGE ALBERTO MEJIA LINARES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ON PETITION FOR REVIEW** |
| v. | ) | **FROM THE UNITED STATES** |
| | ) | **BOARD OF IMMIGRATION** |
| ERIC H. HOLDER, JR., Attorney General, | ) | **APPEALS** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**FILED**
Sep 04, 2014
DEBORAH S. HUNT, Clerk

BEFORE:, BOGGS, BATCHELDER, and WHITE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Jorge Alberto Mejia Linares petitions for review of an order by the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") denial of his request for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). For the reasons that follow, we DENY the petition.

**I.**

Mejia Linares, a native and citizen of El Salvador, entered the United States illegally from Mexico in November 2003. After living in California for several years, Mejia Linares moved to Detroit, Michigan in 2005. On August 11, 2009, the Department of Homeland Security ("DHS") initiated removal proceedings against Mejia Linares and, at a hearing on

September 10, 2009, he conceded that he was subject to removal. He later applied for asylum, withholding of removal, and protection under the CAT.

The IJ assigned to Mejia Linares's case held a hearing in Detroit, Michigan, on February 16, 2012, to adjudicate his claims. At the hearing, Mejia Linares testified that the MS-13 gang attempted to recruit him and several of his brothers while he lived in El Salvador. When he refused to join, gang members assaulted him several times and shot him in the leg during one of the assaults. After fleeing to the United States, he received a threatening e-mail from a gang member living in El Salvador. Mejia Linares stated that he is afraid to return to El Salvador because he fears for his own safety and the safety of his girlfriend and daughter, both of whom currently reside in El Salvador.

After hearing Mejia Linares's testimony, the IJ found that the evidence established removability pursuant to Immigration and Nationality Act ("INA") § 240(c), 8 U.S.C. § 1229a(c). Turning to his claim for asylum, the IJ found that Mejia Linares's failure to file for asylum within one year of entering the United States barred his claim under INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B), and that Mejia Linares's ignorance of the one-year requirement did not excuse his failure to comply. The IJ then stated that, even if the application were timely, Mejia Linares's application for asylum should be denied because he had not established that he was persecuted or has a well-founded fear of future persecution. The IJ also noted that his fear of future persecution is not a result of his membership in a particular social group, referencing INA § 101(a)(42), 8 U.S.C. § 1101(a)(42). The IJ then rejected Mejia Linares's claims for withholding of removal and protection under the CAT.

Mejia Linares appealed the IJ's decision to the BIA, and the BIA affirmed the decision and dismissed the appeal. Because he did not submit a brief in his appeal to the BIA, the BIA

briefly addressed and then rejected the arguments raised in Mejia Linares's notice of appeal. Mejia Linares now petitions this court for review of the BIA's decision, and we have jurisdiction to hear this petition pursuant to INA § 242(a), 8 U.S.C. § 1252(a).

## II.

Where, as here, the BIA adopts the IJ's reasoning with additional commentary, we review the order of the IJ as supplemented by the BIA as the final agency decision. *See Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). We review legal conclusions de novo and factual findings using the substantial evidence test. *Id.*; *see also Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). Under the substantial evidence test, the IJ and BIA's findings of fact are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary. *See Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008). We also review facts relevant to claims regarding withholding of removal and the CAT under the substantial evidence test. *Id.*

The Government first asserts that we lack jurisdiction to review Mejia Linares's claims because he did not file a brief with the BIA. Generally, we do not have jurisdiction to review arguments not presented in a petitioner's brief to the BIA. *See Hasan v. Ashcroft*, 397 F.3d 417, 419–20 (6th Cir. 2005) ("[E]ven if an issue is raised by the alien in his notice of appeal to the BIA, we will consider it waived if it is not argued in the brief filed with the BIA."). "[O]nly claims properly presented to the BIA and considered on their merits can be reviewed by this court[.]" *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

While normally we lack jurisdiction to review claims not presented in a brief to the BIA, we have found appellate jurisdiction to review such issues where they have been raised sua sponte by the BIA. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Here, the BIA dismissed Mejia Linares's appeal but then addressed sua sponte several of the arguments in his

3

notice of appeal. We may therefore review those claims because the BIA has waived the exhaustion requirement. *See id.* at 434–35.

Mejia Linares first contends that the BIA erred by finding that he was not eligible for withholding of removal because he was not part of a particular social group. Because the BIA raised this particular issue sua sponte in its decision dismissing the appeal, we have jurisdiction to address it. *See id.* at 435. To qualify for withholding of removal, an applicant must show "a clear probability that his life or freedom would be threatened in the country directed for removal on account of his race, religion, nationality, membership in a particular social group, or political opinion." *Zhao*, 569 F.3d at 245 (citing INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A)). In his notice of appeal, Mejia Linares claimed that individuals who resist gang recruitment constitute a particular social group. The BIA rejected this argument based on prior cases from the BIA and this court.

We have consistently held that those who resist gang recruitment do not constitute a particular social group. *See Umana-Ramos v. Holder*, 724 F.3d 667, 674 (6th Cir. 2013) (holding that "young Salvadorans who have refused recruitment by the MS gang do not form a cognizable particular social group"); *see also Bonilla-Morales*, 607 F.3d at 1137; *Escobar-Batres v. Holder*, 385 F. App'x 445, 447 (6th Cir. 2010). Mejia Linares contends that those who refuse to join a gang make up a particular social group because their physical appearances differ from those of gang members and thus they are socially visible. Mejia Linares has forfeited this argument, however, because he never made it to the BIA and the BIA did not address it sua sponte. *See Khalili*, 557 F.3d at 433–35. Even if it were not forefeited, the argument is meritless because the "social-visibility requirement refers to whether the individuals with the shared characteristic are perceived as a group in the society at issue, not whether individual members

are visually recognizable as members of that group." *Umana-Ramos*, 724 F.3d at 673. There is no evidence in the record that individuals who have refused to join the MS-13 gang "are perceived as a group" in El Salvador. *Id.* Thus, Mejia Linares has not shown that he is part of a cognizable social group under the INA, and he therefore is not eligible for withholding of removal.

Mejia Linares next argues that that he qualifies for protection under the CAT because he has shown that it is more likely than not that he will be tortured upon removal. While we may review this argument because the BIA sua sponte addressed it in its decision dismissing Mejia Linares's appeal, we find it meritless because the BIA's denial of CAT protection is supported by substantial evidence and the assertion, without more, that the government of El Salvador would direct or acquiesce to Mejia Linares's torture upon removal is "too generalized and too speculative." *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1156 (6th Cir. 2010).

Finally, Mejia Linares raises two arguments never raised to or addressed by the BIA: that family can constitute a particular social group and that past persecution gives rise to a presumption of withholding of removal. We lack jurisdiction to consider these arguments because Mejia Linares has failed to exhaust them, *see Khalili*, 557 F.3d at 433–35, and even if we could consider them, they are meritless. While we have held that family can constitute a social group for withholding of removal purposes, *see Al-Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir. 2009), Mejia Linares has provided no evidence that the gang targeted him because he was a member of his family. And even though past persecution can give rise to a presumption of withholding of removal, *see Khozhaynova v. Holder*, 641 F.3d 187, 193 (6th Cir. 2011), that persecution must have been "on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). As

5

previously discussed, those unsuccessfully recruited by a gang do not constitute a particular social group for purposes of the INA.

## III.

For the foregoing reasons, we DENY the petition.