NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0454n.06

No. 18-4214

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JULIO GASPAR-MATEO, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, U.S. Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**FILED**
Aug 28, 2019
DEBORAH S. HUNT, Clerk

BEFORE: GILMAN, SUTTON, and WHITE, Circuit Judges.

**HELENE WHITE, Circuit Judge.** After entering the United States unlawfully, Julio Gaspar-Mateo sought asylum and withholding of removal. Gaspar-Mateo asserts that he is eligible for relief because he had been persecuted based on his membership in a particular social group: Guatemalan nationals who have resisted gang recruitment. The Immigration Judge ("IJ") denied his application for asylum and withholding of removal. The Board of Immigration Appeals ("BIA") affirmed.

On appeal, Gaspar-Mateo challenges the IJ's decisions that his proposed particular social group was not cognizable and that he failed to establish a nexus between his group and alleged past or future persecution. Concluding that either Gaspar-Mateo forfeited his challenge on the protected-ground issue or the BIA properly found his particular social group not cognizable, we deny Gaspar-Mateo's petition for review.

## I. BACKGROUND

Julio Gaspar-Mateo, a 23-year-old Guatemalan native, entered the United States on November 20, 2015, without being admitted or paroled by an immigration officer. The Department of Homeland Security issued Gaspar-Mateo a notice to appear on April 25, 2016. On September 26, 2016, Gaspar-Mateo filed an I-589 application for asylum and withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act ("INA").[1] He sought relief from removal based on his membership in a particular social group: "Guatemalan nationals who have resisted gang recruitment." (AR 60.)[2]

After an evidentiary hearing, the IJ denied Gaspar-Mateo's petition for asylum and withholding of removal on November 14, 2017. The IJ found that (1) Gaspar-Mateo's proposed particular social group is not cognizable because "it is neither particular nor socially distinct" (AR 50), (2) Gaspar-Mateo did not demonstrate a sufficient nexus between persecution suffered and his membership in the proposed particular social group, (3) generalized conditions of crime and violence are insufficient to establish eligibility for asylum, (4) Gaspar-Mateo failed to show that the Guatemalan government was unable or unwilling to control the gang, Mara 18, and (5) Gaspar-Mateo failed to show that it would not be reasonable for him to relocate within Guatemala to avoid future harm. Finally, the IJ concluded that because Gaspar-Mateo failed to establish eligibility for asylum, he could not meet the more stringent requirements for withholding of removal and relief under the Convention Against Torture.

---

[1] Gaspar-Mateo also sought relief under the Convention Against Torture. The BIA found that Gaspar-Mateo waived this issue on appeal from the IJ's decision. Gaspar-Mateo has not raised this issue before us.

[2] Gaspar-Mateo later added political opinion as a basis for relief. The IJ rejected this argument, finding "no evidence to support any claim based upon political opinion, whether actual or implied." (AR 49.) The BIA did not specifically address this issue, and on appeal, Gaspar-Mateo has not raised any argument regarding harm based on political opinion. Thus, Gaspar-Mateo has waived this issue.

Gaspar-Mateo appealed the IJ's decision to the BIA. His brief to the BIA argued that (1) the IJ erred in deciding that the government of Guatemala was not unable or unwilling to offer its protection, (2) the IJ improperly discounted the medical evidence of Gaspar-Mateo's injuries, and (3) the IJ improperly decided that Gaspar-Mateo failed to show he could not reasonably relocate within Guatemala. The brief did not address whether Gaspar-Mateo adequately established his membership in a protected group or a nexus between the protected group and his alleged past or future persecution. The BIA affirmed the IJ's denial of asylum and withholding of removal. The BIA first noted that Gaspar-Mateo "ha[d] not meaningfully identified any error in the Immigration Judge's determination that it was not shown that the mistreatment he experienced while gang members recruited him has a nexus to a protected ground or that the protected ground would be a central reason for prospective harm." (AR 3 (internal citation omitted).) The BIA next stated that it "affirm[ed] the denial of asylum and withholding of removal based on the Immigration Judge's conclusion that [Gaspar-Mateo] did not establish a nexus between his fear of harm in Guatemala and a protected ground." (*Id.* (internal citation omitted).)

Gaspar-Mateo then filed the instant petition for review.

## II. DISCUSSION

### A. Standard of Review

Where the BIA issues its own opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination. *Bi Xia Qu v. Holder*, 618 F.3d 602, 605 (6th Cir. 2010). We also review the IJ's decision to the extent that the BIA adopted the IJ's reasoning. *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). We review only issues that have been (1) presented to the BIA and considered on their merits or (2) decided sua sponte

by the BIA. *Hasan v. Ashcroft*, 397 F.3d 417, 419–20 (6th Cir. 2005); *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

We review legal conclusions de novo but give "substantial deference" to the BIA's reasonable interpretations of the INA and accompanying regulations. *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015). We review findings of fact under the substantial-evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). Under this standard, we accord great deference to the agency's factual findings and deem them "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Marikasi v. Lynch*, 840 F.3d 281, 287 (6th Cir. 2016). We must uphold such findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006) (quoting *Elias-Zacarias*, 502 U.S. at 481). We may reverse only when "the evidence 'not only supports a contrary conclusion, but indeed compels it.'" *Mandebvu v. Holder*, 755 F.3d 417, 424 (6th Cir. 2014) (emphasis omitted) (quoting *Yu v. Ashcroft*, 364 F.3d 700, 702–03 (6th Cir. 2004)).

**B. Asylum and Withholding-of-Removal Legal Standard**

A petitioner must meet the statutory definition of a "refugee" to be eligible for asylum. 8 U.S.C. § 1158(a); *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005). The asylum seeker bears the burden of showing that he or she is a refugee. *Id.* A refugee is defined as someone "who is unable or unwilling to return to [his] home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)). A "particular social group" is a group that shares a

"common, immutable . . . [and] fundamental characteristic that either cannot be changed or should not be required to be changed because it is fundamental to the members' individual identities or consciences." *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011) (internal citations omitted). The asylum seeker must also show a "nexus"—that he or she was targeted *on account of* a protected ground. *See Bonilla-Morales*, 607 F.3d at 1136 (citing 8 U.S.C. § 1101(a)(42)).

"[A]n applicant seeking withholding of removal faces 'a more stringent burden than what is required on a claim for asylum.'" *Urbina-Mejia v. Holder*, 597 F.3d 360, 365 (6th Cir. 2010) (quoting *Liti v. Gonzales*, 411 F.3d 631, 640 (6th Cir. 2005)). The applicant must also show "that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Id.* (quoting *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005)). In this context, clear probability means that it is more likely than not that the applicant will face persecution upon return. *Liti*, 411 F.3d at 641; 8 C.F.R. § 1208.16(b)(2). As with asylum claims, the applicant must show that such future persecution will be "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Pilica v. Ashcroft*, 388 F.3d 941, 955 (6th Cir. 2004); 8 C.F.R. § 1208.16(b).

## C. Analysis

On appeal, Gaspar-Mateo argues that the IJ erred in finding that he failed to establish his membership in a cognizable particular social group. Gaspar-Mateo did not raise this issue in his brief to the BIA, and it is unclear whether the BIA addressed it sua sponte. The BIA's relevant discussion is as follows:

> The Immigration Judge concluded that the respondent did not establish that any mistreatment that he experienced or fears has a nexus to a protected ground as is required to establish eligibility for asylum or withholding of removal. The respondent's claim for relief is based on mistreatment that he experienced from gang members who recruited him to join their gang. The Immigration Judge concluded that the respondent did not establish that gang members have targeted

him or will target him on account of either his political opinion or membership in a cognizable particular social group. The respondent argues on appeal that the Immigration Judge erred in analyzing whether the government of Guatemala is unable or unwilling to offer its protection, whether he adequately corroborated his claim for relief, and whether internal relocation is reasonably possible in his case. However the respondent has not meaningfully identified any error in the Immigration Judge's determination that it was not shown that the mistreatment he experienced while gang members recruited him has a nexus to a protected ground or that a protected ground would be a central reason for prospective harm. We affirm the denial of asylum and withholding of removal based on the Immigration Judge's conclusion that the respondent did not establish a nexus between his fear of harm in Guatemala and a protected ground.

(AR 3 (internal citations omitted).)

One interpretation of the BIA's decision is that it simply affirmed the IJ's decision on the basis that Gaspar-Mateo forfeited review of the protected-ground decision by failing to meaningfully address it in his brief to the BIA. Another interpretation is that the BIA sua sponte decided the protected-ground issue on the merits. Under either interpretation, Gaspar-Mateo's asylum and withholding-of-removal requests fail.

If the BIA affirmed the IJ on the basis that Gaspar-Mateo had not meaningfully challenged the protected-ground decision, then Gaspar-Mateo forfeited his challenge on this dispositive issue. However, because the BIA's rationale is not entirely clear, we address the alternative interpretation that the BIA addressed the merits sua sponte. Addressing the merits under that interpretation, we have consistently held that particular social groups based on gang resistance are not cognizable. *See, e.g.*, *Umaña-Ramos v. Holder*, 724 F.3d 667, 669, 673 (6th Cir. 2013) (holding that "young Salvadoran males who refuse recruitment by the MS gang" was not a cognizable particular social group); *Diaz-Gonzalez v. Whitaker*, 756 F. App'x 552, 558 (6th Cir. 2018) (holding that "land owners who resist gangs" was not a cognizable particular social group); *Linares v. Holder*, 578 F. App'x 575, 578-79 (6th Cir. 2014) (holding that "individuals who resist gang recruitment" was not a cognizable particular social group). Thus, Gaspar-Mateo's petition must be rejected for

failure to establish a protected ground.  Because of that failure, we need not address his challenge to the IJ's nexus determination.

### III.  CONCLUSION

For the foregoing reasons, we deny Gaspar-Mateo's petition for review.